IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JERRY STOROVICH, | ) | |
| --- | --- | --- |
| Petitioner, | ) | 8:16CV24 |
| V. | ) | |
| RICK RAEMISCH, Executive Director, | ) | **MEMORANDUM AND ORDER** |
| Respondent. | ) | |

This matter is before the court on Petitioner Jerry Storovich's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, in which he alleges violations of the speedy trial provisions of the Interstate Agreement on Detainers. **Liberally construed, Petitioner claims that Grant County and the State of Nebraska have attempted to circumvent the speedy trial provisions of the Interstate Agreement on Detainers by refusing to formally, and in good faith, lodge a detainer with Colorado authorities. Petitioner also contends that he attempted to exhaust his state court remedies by filing a motion for relief in the District Court of Grant County, but that he was prevented from appealing the denial of his motion by the clerk of Grant County.**

Petitioner, who is currently incarcerated in Colorado, named Rich Raemisch as the respondent in this case. Mr. Raemisch is the Executive Director of the Colorado Department of Corrections.

On February 24, 2016, after conducting an initial review of Petitioner's habeas petition, the court issued an order directing Respondent to (1) file a motion for summary judgment or state court records in support of an answer by April 11, 2016 or (2) file an answer, including all state court records that are relevant to the claims by April 11, 2016. (Filing No. 7.) The court directed the clerk of court to send a copy

of the order to Respondent and the Nebraska Attorney General.

On February 26, 2016, the Nebraska Attorney General filed a response to the court's order, stating "although there are no Nebraska respondents in this case, it is our hope that the investigation into this matter, conducted by telephone with Colorado officials and Nebraska officials, will aid the Court in determining the current status of [Petitioner] who is a prisoner in Colorado." (Filing No. 8 at CM/ECF p. 1.) The Attorney General's filing also attempted to provide some basic information regarding the events underlying Petitioner's habeas petition. The information provided by the Attorney General is, however, insufficient for the court to resolve this matter. Moreover, the named Respondent has not formally submitted a response to the petition.

In any event, Petitioner filed a response to the Attorney General's submission, in which he requested that the name of the respondent be changed from Rich Raemisch to "Grant County and the State of Nebraska." (Filing No. 12 at CM/ECF p. 1.) The court will construe this request as a motion to substitute respondent. The motion will be granted.

IT IS THEREFORE ORDERED:

1. Petitioner's motion to substitute respondent (*See* Filing No. 12) is granted. The clerk's office is directed to update the court's records to reflect that Grant County, Nebraska and the State of Nebraska are the named respondents in this action. The clerk of court is further directed to send a copy of this order to Rich Raemisch and the Nebraska Attorney General.

2. By **August 8, 2016**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 8, 2016:** deadline for Respondents to file state court records in support of

answer or motion for summary judgment.

      3.     If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

      A.     The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

      B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

      C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

      E.     No later than 30 days after Petitioner's brief is filed, Respondents

must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A. By **August 8, 2016,** Respondents must file all state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies,

4

a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 7, 2016:** check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5

DATED this 23rd day of June, 2016.

        BY THE COURT:

        s/ *Richard G. Kopf*
        Senior United States District Judge